| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROY, et al.,<br><br>                    Defendants. | No. 2:17-cv-1836 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1

policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff brings suit under 42 U.S.C. §1983 against defendants for the deprivation of his "right to eligibility determination to Unemployment Insurance ("UI") benefits within (21) days of Application." ECF No. 1 at 1. Plaintiff cites 42 U.S.C.A. § 503 as the basis for this right. Id.

Plaintiff alleges he applied for unemployment benefits on July 11, 2017 and did not receive benefits for 36 days. ECF No. 1 at 4. Plaintiff ultimately began to receive benefits. Id. Plaintiff asserts that a UI Benefits eligibility manager named Roy told him that he "did not care about their (21) days of determination period and the scheduling of their Phone Eligibility Determination Interview" at the 30th day of that period. Id. Plaintiff alleges he objected to the delayed hearing, but was told there were not enough phone interviewers to shorten the waiting time. Id. Plaintiff seeks compensatory and punitive damages. Id. at 7-8.

B. Analysis

Plaintiff does not state a claim upon which relief can be granted, and his complaint must be dismissed. The law plaintiff relies on, 42 U.S.C.A. § 503 governs federal payments to state unemployment insurance programs and says, in relevant part, that the "Secretary of Labor may not certify payment of federal funds unless he first finds that the State's program conforms to federal requirements." 42 U.S.C.A. § 503(a)(1). The Supreme Court has recognized a private right of action under §503. See California Department of Human Resources v. Java, 402 U.S. 121(1971). One of the requirements a state program must meet in order for the federal government to provide funding to an unemployment program is that the program must be reasonably calculated to insure full payment of unemployment compensation "when due." 42 U.S.C. § 503(a)(1). The Ninth Circuit has concluded that the "when due" statutory language, "when construed in light of the purposes of the Act, means the time when payments are first administratively allowed *as a result of a hearing of which both parties have notice and are*

*permitted to present their respective positions*[.]" California Dep't of Human Res. Dev., 402 U.S. at 133 (emphasis added).  Thus, payments are not "due" before an initial hearing is held, as plaintiff alleges.  Further, §503 does not set a time limit for a hearing to occur.  Plaintiff does not cite any law or regulation requiring the completion of an unemployment hearing within 21 days of an unemployment application, and the court finds none.  Even if there were a regulation setting such a deadline, that would not necessarily create a constitutional right to an eligibility determination within the specified time.  For the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted and the undersigned recommends his complaint be dismissed.  The undersigned further recommends that leave to amend not granted in this instance because, in light of the facts at issue in this case, the complaint's deficiencies could not be cured by amendment.  Noll, 809 F.2d at 1448.

### III.  CONCLUSION

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted.  It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4